Law Library

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

JUNO JAMES,

Defendant.

) CRIMINAL CASE NO. CF401-07
)
)
)
)
) DECISION AND ORDER
) (Defendant's Motion to Suppress the Out-
) of-Court Identification)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 9, 2009, for a hearing on Juno James' ("Defendant") Motion to Suppress the Out-of-Court Identification. Attorney Peter J. Sablan appeared on behalf of the Defendant. Attorney Basil O'Mallan appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the Court hereby issues this Decision and Order.

## BACKGROUND

On August 31, 2007, the Grand Jury handed down an indictment to the Defendant. In the indictment, the Grand Jury charged the Defendant with the offense of Second Degree Criminal Sexual Conduct, in violation of 9 G.C.A. §§ 25.20(a)(3) and (b). Defendant was also charged with the offense of Burglary in violation of 9 G.C.A. §§ 37.20(a) and 37.20(b). The events were

to have taken place in the apartment of Ivanie Marie Guerrero ("Guerrero"). Indictment at 1 (August 31, 2007). Defendant is alleged to have entered Guerrero's apartment with the intent to commit the crime of Second Degree Criminal Sexual Conduct. Id at 2.

On February 19, 2009, Defendant filed a Motion to Suppress the Out-of-Court Identification. Defendant argued that Guerrero's one-on-one identification made outside her apartment – the alleged crime scene, and made approximately 32 minutes after the crimes were perpetrated was unreliable. Defendant's Motion at 3 (February 19, 2009). Defendant argued that because Guerrero's one-on-one identification was unreliable it must be suppressed.

On March 9, 2008, a motion hearing was held. The Court heard arguments from the Defendant and the People pertaining to Defendant's Motion to Suppress the Out-of-Court Identification. The Court now addresses Defendant's Motion to Suppress the Out-of-Court Identification.

## DISCUSSION

Defendant argued that his Fourteenth Amendment due process right would be violated, if testimony of an out-of-court identification were admissible at trial. Defendant's Motion at 2-3 (February 19, 2009). The Due Process Clause of the Fourteenth Amendment provides that "no person shall be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. A corresponding provision in the Organic Act provides the same protections. See 48 U.S.C. § 1421b(e). When determining whether an identification procedure violates a defendant's due process rights, a court must consider "whether under the totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct 375 (1972). The Court finds that the out-of-court identification was not unnecessarily suggestive, and thus, an analysis of reliability of

the out-of-court identification is unnecessary. Therefore, the Court will deny Defendant's Motion to Suppress the Out-of-Court Identification.

In order to determine whether the pretrial identification was unnecessarily suggestive it is necessary to describe the facts surrounding the incident in more detail. On August 24, 2007, at about 3:00 a.m., Guerrero was asleep with her two children in her bedroom of her apartment – which is located a 104 Tropical Gardens Apartment, Magsaysay St. Dededo, Guam. Defendant's Motion Exhibit 1 at 4 (February 19, 2009). Guerrero indicated that sometime around 3:00 a.m. she felt a hand touching the exterior of her vagina. Id. Guerrero opened her eyes and observed an individual sitting on her bed. Id. Guerrero was shocked and told the male individual to get out of her apartment. Id. The male individual quickly got up and ran out of the bedroom. Id. Guerrero then called her sister who instructed Guerrero to call the police. Id. Guerrero then called the police. Id. Guerrero noted that the rear door of her apartment was wide open. Id. At approximately 3:09 a.m., Police arrived at Guerrero's apartment. Id. Guerrero described the male individual as possibly Chuuckese. Id.

At approximately 3:32 a.m. – 32 minutes after the alleged criminal sexual conduct occurred, Officer Flores and Officer Diaz conducted a check of Guerrero's next door neighbor. Id. A male individual – later identified as Defendant – came to the door. Id. Defendant was shirtless and sweating profusely. Id. Defendant was asked to come outside, and Defendant obliged. Id. Officer Diaz then asked Guerrero to come outside of her apartment in order to take a look at Defendant. Id. at 5. Guerrero indicated that the male individual who entered her apartment and touched her vagina looked like Defendant. Id. Officer Flores then advised Defendant of his constitutional rights, and Defendant was arrested. Id.

Defendant argued that Guerrero was pressured into making some sort of identification. Id. at 4. One-on-one identifications are suggestive. See Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967 (1967), overruled on other grounds by Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708 (1987). However, "the admission of evidence of a showup without more does not violate due process." Neil, 409 U.S. at 198, 93 S.Ct 375. A suggestive identification violates due process if it was unnecessary or "gratuitous" under the circumstances. Id.

One-on-one identifications are necessary because of officers' and suspects' strong interest in the expeditious release of innocent persons and the reliability of identifications made soon after and near a crime. See, e.g., United States v. Kessler, 692 F.2d 584, 585 (9th Cir. 1982); United States v. Coades, 549 F.2d 1303, 1305 (9th Cir. 1977). In the instant case, the Defendant was found in the same apartment building in which the alleged criminal sexual conduct occurred. Defendant's Motion Exhibit 1 at 4 (February 19, 2009). The one-on-one identification took place within thirty-two minutes of the alleged criminal sexual conduct. Id. The victim's one-on-one identification of the Defendant took place the outside her apartment – the alleged crime scene. Id. at 4-5. The Court determines that Guerrero's one-on-one identification was necessary for the following reasons: (1) Defendant was found next door to Guerrero's apartment – the crime scene, (2) Guerrero's one-on-one identification of Defendant took place a short time after the crimes were perpetrated, and (3) Guerrero's one-on-one identification of Defendant took place in close proximity of the crime scene. Therefore, the Court will deny Defendant's Motion to Suppress the Out-of-Court Identification.

In addition, the procedure used by the police was not especially likely to yield an "irreparable misidentification." Manson v. Brathwaite, 422 U.S. 98, 116, 97 S.Ct. 2243 (1977); Kessler, 692 F.2d at 586-587 (unless the procedure used is so suggestive that it raises a "very

substantial likelihood of irreparable misidentification," doubts go to the weight, not the admissibility, of the evidence). The Ninth Circuit Court of Appeals has held that similar curbside identifications, and some even more suggestive, did not raise a substantial likelihood of irreparable misidentification. Id. at 585 (handcuffed suspect was surrounded by police officers); United States v. Jones, 84 F.3d 1206, 1209 (9th Cir. 1996) (suspect was the only civilian on the scene and was surrounded by police officers holding up mask and disguise worn by perpetrator); United States v. Bagley, 772 F.2d 482, 492 (9th Cir. 1986) (suspect was seated in the police car, handcuffed, and surrounded by police). The Defendant has not specifically pointed to any police conduct during the one-on-one identification that was unnecessarily suggestive in order for Guerrero to identify Defendant as the male individual who perpetrated the criminal sexual conduct and burglary. Police only asked Guerrero to take a look at Defendant. Defendant's Motion Exhibit 1 at 5 (February 19, 2009). Therefore, the Court will deny the Defendant's Motion to Suppress the Out-of-Court Identification.

Defendant argued that the police could have used a line-up for identification purposes. Defendant's Motion at 4 (February 19, 2009). There is no constitutional right to a lineup. United States v. Robertson, 606 F.2d 853, 857 (9th Cir. 1979); see also Summer v. Mata, 446 U.S. 1302, 1305-1306, 100 S.Ct. 1630 (1980) (staying the Ninth Circuit's decision that the availability of "less suggestive procedure" warranted granting habeus petition, and finding this court's analysis to be in tension with the Supreme Court's decision in Manson and contrary to precedent from other circuits). Therefore, the Court will deny Defendant's Motion to Suppress the Out-of-Court Identification.

Defendant challenges the out-of-court identification as unreliable. Defendant's Motion at 3 (February 19, 2009). However, the due process clause only bars admission of unreliable

identifications that were obtained by unnecessarily suggestive identification procedures. <u>Moore v. Illinois</u>, 434 U.S. 220, 227, 98 S.Ct. 458 (1977); <u>Neil</u>, 409 U.S. at 200, 93 S.Ct. 375. No Supreme Court case requires a court to exclude identification evidence solely because it is unreliable; unless the identification procedure was unnecessarily suggestive, reliability is for the jury to consider. The Court determines that the out-of-court identification was not unnecessarily suggestive. <u>See</u>, e.g., <u>Stovall</u>, 388 U.S. at 302, 87 S.Ct. 1967 (upholding admission of an identification because the suggestive procedure was necessary, without considering indicia of reliability). Therefore, the Court denies Defendant's Motion to Suppress the Out-of-Court Identification.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Suppress Out-of-Court Identification.

**SO ORDERED** this __13__ day of __March__ 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

MAR 1 3 2009


James R. Boria

The People of Guam vs. Juno James, CF401-07
Decision and Order – Motion to Suppress the Out-of-Court Identification

Page 6 of 6